UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


WALTER EDWARD GREEN, #964255,

                Petitioner,

                                        CASE NO. 2:18-CV-12689

v.                                 HONORABLE PAUL D. BORMAN

WILLIS CHAPMAN,[1]

                Respondent.
_____/


## OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

## I.    Introduction

This is a habeas case brought pursuant to 28 U.S.C. § 2254.  Michigan prisoner Walter Edward Green ("Petitioner") was convicted of first-degree premeditated murder, MICH. COMP. LAWS § 750.316(1)(a), third-degree fleeing or eluding a police officer, MICH. COMP. LAWS § 257.602a(3), and possession of a firearm during the

_____

[1]Petitioner is now confined at the Macomb Correctional Facility in Lenox Township, Michigan where Willis Chapman is the warden.  *See* Petitioner's Offender Profile, Michigan Department of Corrections Offender Tracking Information System ("OTIS"), http://mdocweb.state.mi.us/otis2profile.aspx?mdocNumber=964255.  Accordingly, the Court hereby amends the caption for this case to reflect the proper respondent.  *See* 28 U.S.C. § 2243; 28 U.S.C. foll. § 2254, Rule 2(a); Fed. R. Civ. P. 81(a)(2).

commission of a felony, MICH. COMP. LAWS § 750.227b, following a jury trial in the Wayne County Circuit Court.  He was sentenced to life imprisonment without the possibility of parole on the murder conviction, a concurrent term of two to five years imprisonment on the fleeing or eluding conviction, and a consecutive term of two years imprisonment on the felony firearm conviction in 2015.  In his pleadings, Petitioner raises claims concerning the sufficiency of the evidence, the admission of other acts evidence, and the conduct of the prosecutor.  For the reasons set forth herein, the Court denies the petition for a writ of habeas corpus.  The Court also denies a certificate of appealability and denies Petitioner leave to proceed in forma pauperis on appeal.

## II.    Facts and Procedural History

Petitioner's convictions arise from his role as the driver in a fatal drive-by shooting done by his friend, "Hobsquad" Lloyd West, on September 11, 2013. Petitioner was tried in a joint trial with co-defendant West.  The Michigan Court of Appeals described the underlying facts, which are presumed correct on habeas review, *see* 28 U.S.C. § 2254(e)(1); *Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009), as follows:

> This case arises from the drive-by shooting death of Robert Carter. Carter's brother, Kevin Lovely, testified that he was in the family's living room when he heard six gunshots in rapid succession. He ran outside and saw that his brother was bleeding from his chest. Lovely recounted that his brother stated he was unable to breathe. Lovely called an ambulance, but then decided to take his brother

2

> to the hospital himself. On the way to the hospital, Carter
> continued to state that he could not breathe, and, as they
> arrived at the hospital, he told Lovely that "Hobsquad
> Lloyd" shot him. Carter died at the hospital from a gunshot
> wound to the chest.

*People v. Green*, No. 328840, 2016 WL 6905927, *1 (Mich. Ct. App. Nov. 22, 2016)

(unpublished).

Following his convictions and sentencing, Petitioner filed an appeal of right with

the Michigan Court of Appeals raising the same claims presented on habeas review.

The court denied relief on those claims and affirmed Petitioner's convictions and

sentences. *Id.* at pp. 1-5. Petitioner filed an application for leave to appeal with the

Michigan Supreme Court, which was denied in a standard order. *People v. Green*, 500

Mich. 1022, 896 N.W.2d 438 (2017).

Petitioner thereafter filed his federal habeas petition raising the following claims:

I.  The prosecution failed to present sufficient evidence to establish his
    identity as the driver involved in the shooting and failed to present
    sufficient evidence that he acted with the requisite intent to support
    his first-degree murder conviction as an aider and abettor.

II. The admission of other acts evidence involving another shooting
    was improper and denied him due process. Denial of right to a fair
    trial. A recorded interview which contains exculpatory statements
    by a co-defendants was included in his jury, but excluded from my
    own.

III. The prosecution engaged in misconduct by introducing the other
     acts evidence, by attempting to introduce inadmissible hearsay and
     commenting on it during closing arguments, and by admitting

evidence about the theft of the car used in the shooting and the cumulative effect of such actions denied him due process.

Respondent has filed an answer to the habeas petition contending that it should be denied because all of the claims lack merit and the last claim is also procedurally defaulted.

## III.  Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, sets forth the standard of review that federal courts must use when considering habeas petitions brought by prisoners challenging their state court convictions.  The AEDPA provides in relevant part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' ... clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous.  The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.  The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010)

(quoting *Lindh*, 521 U.S. at 333, n. 7); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

A state court's determination that a claim lacks merit "precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003)). Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id*. Thus, in order to obtain habeas relief in federal court, a state prisoner must show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.*; *see also White v. Woodall*, 572 U.S. 415, 419-20 (2014). Federal judges "are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Woods v. Donald*, 575 U.S. 312, 316 (2015). A habeas petitioner cannot prevail as long as it is within the "realm of

possibility" that fairminded jurists could find the state court decision to be reasonable. *Woods v. Etherton*, _ U.S. _, 136 S. Ct. 1149, 1152 (2016).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *Williams*, 529 U.S. at 412; *see also Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (quoting *Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (per curiam)); *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington*, 562 U.S. at 100. Furthermore, it "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16.

The requirements of clearly established law are to be determined solely by Supreme Court precedent. Thus, "circuit precedent does not constitute 'clearly established Federal law as determined by the Supreme Court'" and it cannot provide

7

the basis for federal habeas relief. *Parker v. Matthews*, 567 U.S. 37, 48-49 (2012) (per curiam); *see also Lopez v. Smith*, 574 U.S. 1, 2 (2014) (per curiam). The decisions of lower federal courts, however, may be useful in assessing the reasonableness of the state court's resolution of an issue. *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

A state court's factual determinations are presumed correct on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Moreover, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## IV. <u>Analysis</u>

### A. <u>Insufficient Evidence Claim</u>

Petitioner first asserts that he is entitled to habeas relief because the prosecution failed to present sufficient evidence to support his first-degree murder conviction. In particular, he asserts that the prosecution failed to prove that he was the driver of the vehicle used in the shooting and failed to prove that he had the requisite intent for first-degree murder as an aider or abettor. Respondent contends that this claim lacks merit.

The Due Process Clause protects an accused against conviction "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). The question on a sufficiency of the evidence claim is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The *Jackson* standard must be applied "with explicit reference to the substantive elements of the criminal offense as defined by state law." *Brown v. Palmer*, 441 F.3d 347, 351 (6th Cir. 2006) (quoting *Jackson*, 443 U.S. at 324 n. 16).

Additionally, "it is the responsibility of the jury – not the court – to decide what conclusions should be drawn from the evidence admitted at trial." *Cavazos v. Smith*, 565 U.S. 1, 2 (2011) (per curiam). "A reviewing court does not re-weigh the evidence or re-determine the credibility of the witnesses whose demeanor has been observed by the trial court." *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003) (citing *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983)). Accordingly, the "mere existence of sufficient evidence to convict . . . defeats a petitioner's claim." *Matthews*, 319 F.3d at 788-89.

Under Michigan law, first-degree premeditated murder requires proof that the defendant intentionally killed the victim and that the killing was premeditated and

9

deliberate.  *People v. Kelly*, 231 Mich. App. 627, 642, 588 N.W.2d 480 (1998);

MICH. COMP. LAWS § 750.316.  Premeditation and deliberation may be established

by evidence showing:  "(1) the prior relationship of the parties; (2) the defendant's

actions before the killing; (3) the circumstances of the killing itself; and (4) the

defendant's conduct after the homicide." *People v. Schollaert*, 194 Mich. App. 158,

170, 486 N.W.2d 312 (1992); *see also People v. Abraham*, 234 Mich. App. 640,

656, 599 N.W.2d 736 (1999).  The prosecution must prove every element of a

charged offense beyond a reasonable doubt.  This burden includes proving that the

defendant is the person who committed the crime.  *People v. Oliphant*, 399 Mich.

472, 489, 250 N.W.2d 443 (1976); *People v. Kern*, 6 Mich. App. 406, 409, 149

N.W.2d 216 (1967).  Direct or circumstantial evidence and reasonable inferences

arising from that evidence may constitute satisfactory proof of the elements of an

offense, *People v. Nowack*, 462 Mich. 392, 399-400, 614 N.W.2d 78 (2000); *People

v. Jolly*, 442 Mich. 458, 466, 502 N.W.2d 177 (1993); including identity, *Kern*, 6

Mich. App. at 409-10, and intent or state of mind.  *People v. Dumas*, 454 Mich.

390, 398, 563 N.W.2d 31 (1997); *see also Nowack*, 462 Mich. at 402-03.

To convict a defendant under an aiding and abetting theory, a prosecutor must

show:  (1) the crime charged was committed by the defendant or some other person;

(2) the defendant performed acts or gave encouragement that assisted the

commission of the crime; and (3) the defendant intended the commission of the

crime or knew that the principal intended to commit the crime at the time he gave aid and encouragement.  *People v. Carines*, 460 Mich. 750, 757-58, 597 N.W.2d 130 (1999); *see also People v. Moore*, 470 Mich. 56, 679 N.W.2d 41 (2004); MICH. COMP. LAWS § 767.39.  An aider and abettor's state of mind may be inferred from all the facts and circumstances, including a close association between the defendant and the principal, the defendant's participation in the planning or execution of the crime, and evidence of flight after the crime.  *Carines*, 460 Mich. at 757-58.

Applying the *Jackson* standard, the Michigan Court of Appeals determined that the prosecution presented sufficient evidence of identity and intent to support Petitioner's first-degree murder conviction and denied relief on this claim.  The court explained in relevant part:

> Green first argues that the prosecution did not prove that he drove the vehicle carrying Carter's assailant. However, witnesses testified that the shooter and driver were in a gold Jeep or a gold or silver Nitro that sped away from the scene after the shooting. A police officer saw a vehicle matching the description given by the witnesses. The officer made a U-turn and activated his sirens and lights in an attempt to stop the vehicle. In response, the vehicle sped away and attempted to evade police pursuit by taking several turns, including making a U-turn and passing the police cruiser going in the opposite direction. The officer, who saw the driver of the gold Jeep as it passed him, identified Green as the driver. Further, the Jeep, which was later recovered, had a shell casing in the back that matched casings located at the scene of the shooting. Viewed in the light most favorable to the prosecution, this evidence was sufficient to establish that Green was the driver.

Green next argues that, under an aiding and abetting theory, there is insufficient evidence that he intended to kill Carter, or that he knew that Lloyd West, his codefendant, intended to kill Carter. However, "minimal circumstantial evidence will suffice" where the prosecution is seeking to establish the defendant's state of mind on issues such as knowledge and intent. *Henderson*, 306 Mich App at 11 (citation omitted). Here, there was sufficient evidence to establish that West was the shooter and that he was friends with Green. Further, the evidence supports an inference that Green was involved in planning the shooting because Green was identified by Toni Vadio, the owner of the gold Jeep, as one of the individuals that carjacked the getaway vehicle two days before the shooting. As already noted, the jury could infer that Green was the driver and, in that role, he pulled up slowly enough that West could fire six shots at Carter. He then fled the scene at a high rate of speed, and once he was spotted by the police, he led them on a dangerous, high speed chase throughout residential neighborhoods before entering I–94, speeding up to over 100 miles per hours, and passing traffic on the right-hand shoulder. The Jeep was subsequently recovered by the police the next day after it was abandoned in the middle of a street in a haphazard fashion. These actions following the murder are evidence of consciousness of guilt. *Id*. Viewed in the light most favorable to the prosecution, this evidence was sufficient to support the jury's conclusion that Green intended to murder Carter, or that he had knowledge of West's intentions to do so when he pulled up to Carter's home.

*Green*, 2016 WL 328840 at *1-2 (footnote omitted).

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. First, there was sufficient evidence that Petitioner was the driver of the vehicle used in the shooting. A witness at the scene of the shooting, Darius McGigor, described the vehicle as a

gold Dodge Nitro SUV or Jeep. *See* 7/13/15 Trial Tr., p. 20, ECF No. 9-21, PageID.804. Shortly thereafter, police officer Daniel Woods observed a gold Jeep driving in the area. He attempted a traffic stop but the Jeep drove off and a high speed chase ensued. When the Jeep made a u-turn during the pursuit, Woods saw the driver and later identified him as Petitioner in a photograph at the police station and at trial. *See* 7/10/15 Trial Tr., pp. 15, 20, ECF No. 9-20, PageID.677. 682. The Jeep was subsequently abandoned and recovered by the police. A shell casing found in the Jeep matched shell casings found at the scene of the shooting and they were all determined to have been fired from the same weapon. *See* 7/13/15 Trial Tr., pp. 83, 101, ECF No. 9-21, PageID.867, 885. The Jeep was reported stolen two days before the shooting, and the owner of the Jeep, Toni Vadio, identified Petitioner as one of the perpetrators of that carjacking. *Id*. at p. 56, PageID.840. Such evidence, particularly Officer Woods' identification, was sufficient to establish that Petitioner was the driver of the Jeep used in the drive-by shooting.

There was also sufficient evidence that Petitioner acted with the requisite intent as an aider and abettor. The victim identified co-defendant West as the shooter at the time of the crime. *See* 7/10/15 Trial Tr., p. 106, ECF No. 9-19, PageID.601. Witness Terrence Murray testified that Petitioner and co-defendant West were friends, and phone records showed that they communicated with each other often near the time of the crime. *See* 7/13/15 Trial Tr., pp. 121, 159, ECF No.

9-21, PageID.905, 943.  Petitioner participated in carjacking the Jeep used in the shooting, drove co-defendant West to the scene, enabled West to commit the shooting, and then drove from the scene and evaded the police.  *Id*. at 27, PageID.811.  Such evidence shows that co-defendant West committed the drive-by shooting, that Petitioner assisted him in committing the crime by driving the Jeep, and that Petitioner knew that West intended to commit the crime when he drove him to the scene.

Petitioner challenges the inferences the jury drew from the testimony presented at trial.  However, it is the job of the fact-finder at trial, not a federal habeas court, to resolve evidentiary conflicts.  *Jackson*, 443 U.S. at 326; *Martin v. Mitchell*, 280 F.3d 594, 618 (6th Cir. 2002); *Walker v. Engle*, 703 F.2d 959, 969-70 (6th Cir. 1983) ("A federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.").  The jury's verdict, and the Michigan Court of Appeals' decision affirming that verdict, were reasonable.  The evidence presented at trial, viewed in a light favorable to the prosecution, established Petitioner's guilt of premeditated first-degree murder (as an aider and abettor) beyond a reasonable doubt.  Habeas relief is not warranted on this claim.

**B.**    <u>**Other Acts Evidence Claim**</u>

Petitioner next asserts that he is entitled to habeas relief because the trial court erred in admitting of other acts evidence of another nearby drive-by shooting that occurred two days after the instant crime.  Respondent contends that this claim is not cognizable and that it lacks merit.

A federal court may only grant habeas relief to a person who is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Alleged trial court errors in the application of state evidentiary law are generally not cognizable as grounds for federal habeas relief.  *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); *Serra v. Michigan Dep't of Corrections*, 4 F.3d 1348, 1354 (6th Cir. 1993).  An error in state procedure or evidentiary law does not rise to the level of a federal constitutional claim warranting habeas relief, "unless the error renders the proceeding so fundamentally unfair as to deprive the petitioner of due process under the Fourteenth Amendment."  *McAdoo v. Elo*, 365 F.3d 487, 494 (6th Cir. 2004) (quoting *Estelle*, 502 U.S. at 69-70); *see also Wynne v. Renico*, 606 F.3d 867, 871 (6th Cir. 2010) (citing *Bey v. Bagley*, 500 F.3d 514, 519-20 (6th Cir. 2007)); *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003).

The Michigan Court of Appeals determined that the evidence was properly admitted under state law based upon the offer of proof at trial and that any error in its actual admission as to Petitioner was harmless and denied relief on this claim. The court explained:

> MRE 404(b) provides that evidence of "other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." The evidence, however, may "be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case." MRE 404(b).

> Here, the prosecution filed a motion to admit evidence of a drive-by shooting that happened two days after the shooting in this case. According to the prosecutor's offer of proof at the motion hearing, the evidence would show (1) both shootings occurred during the day, (2) both shootings occurred in the same general area, (3) West's cell phone was in the same area as both shootings at the time that they occurred, and (4) the shell casings located at the scene of both shootings matched. Further, the prosecutor asserted that the vehicle used in the shooting in this case was similar to the vehicle used in the second shooting because (1) both vehicles were stolen a few days before the respective shootings, (2) both vehicles were higher which allowed for a better shooting angle, (3) both vehicles had tinted windows, and (4) both vehicles were abandoned shortly after the shootings. Finally, the prosecutor asserted that witnesses saw someone leaving the second vehicle in a field. A sketch was prepared of the individual and, according to the prosecutor's offer of proof, the person in the sketch was similar to Green.

Moreover, after a lineup, one of the witnesses identified Green as the person he observed leaving the area where the vehicle was abandoned. Based on this offer of proof, the trial court held that it would allow the prosecutor to present other acts evidence.

That decision was not an abuse of discretion. When reviewing whether evidence was properly admitted under MRE 404(b), we must consider (1) whether the evidence was "offered for a proper purpose under Rule 404(b)"; (2) whether the evidence was "relevant under Rule 402 as enforced through Rule 104(b)"; (3) whether the evidence's probative value was substantially outweighed by unfair prejudice as provided in MRE 403; and (4) whether the trial court provided "a limiting instruction to the jury." *People v. VanderVliet*, 444 Mich 52, 55; 508 NW2d 114 (1993), *amended* 445 Mich 1205 (1994). "At its essence, MRE 404(b) is a rule of inclusion, allowing relevant other acts evidence as long as it is not being admitted solely to demonstrate criminal propensity." *People v. Martzke*, 251 Mich App 282, 289; 651 NW2d 490 (2002). Here, the prosecutor asserted that the evidence was admissible to establish identity and that Green was acting pursuant to a common plan or scheme, so it is clear that it was offered for a proper purpose. More importantly, it was relevant for that purpose. The similarities outlined by the prosecutor, coupled with evidence suggesting that Green was involved made it more likely that Green was the getaway driver when Carter was shot. *See* MRE 401. Moreover, the trial court determined that the prejudicial effect of that evidence did not outweigh its probative effect. That finding was not outside the range of principled decisions, especially given that the probative value was great considering the similarities in the plan employed in both shootings and given that the prejudicial effect could have been lessened by a cautionary instruction to the jury on how to use the other acts evidence. Accordingly, based on the prosecutor's offer of proof, the trial court did not abuse its discretion in admitting evidence of the second shooting under MRE 404(b).

Green's argument on appeal, however, directs us to the evidence that was actually produced at trial, which was significantly more limited than the offer of proof presented at the motion hearing. At trial, a witness testified that he heard ten or twelve shots and ran outside. He observed a grey minivan speeding away and discovered that two people had been shot multiple times in a nearby vehicle. Both people died. A police officer testified that shell casings recovered at the shooting matched shell casings recovered from the scene where Carter was shot. He testified that both shootings were five or seven miles apart. Finally, another officer testified that West's cell phone was in the area of the second shooting during the second shooting. Critically, none of the testimony even suggested that Green was involved in the second shooting. Thus, arguably, the evidence actually admitted at trial was insufficient to satisfy the requirements of MRE 404(b) and could have been properly excluded as irrelevant evidence as to Green.

Green's lawyer, however, did not attempt to have the evidence stricken from the record, nor did she renew her objection based upon MRE 404(b). Regardless, even assuming arguendo that the evidence should not have been admitted, Green cannot establish that he is entitled to reversal of his conviction. An evidentiary error is "presumed not to be a ground for reversal unless it affirmatively appears that, more probably than not, it was outcome determinative." *People v. Krueger*, 466 Mich 50, 54; 643 NW2d 223 (2002) (citation omitted). It is plain that at trial Green was not linked to the second shooting by anything other than his association with West. Thus, the probative value and the prejudicial effect of the second shooting as to Green was insignificant. In contrast, there was strong evidence showing that Green aided and abetted West in shooting Carter. The testimony established that he was involved in carjacking the vehicle used in the drive-by shooting, that he was driving the vehicle when West shot Carter, and that he eluded the police following a high-

speed chase shortly after the shooting. Thus, on this
record, any error in admitting the evidence was harmless.

*Green*, 2016 WL 6905927 at *2-3 (footnote omitted).

The state court's decision is neither contrary to Supreme Court precedent nor
an unreasonable application of federal law or the facts. First, Petitioner is not
entitled to habeas relief on any claim that the evidence was improperly admitted
under Michigan law. State courts are the final arbiters of state law and federal courts
will not intervene in such matters. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990);
*Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987); *see also Bradshaw v. Richey*,
546 U.S. 74, 76 (2005) ("a state court's interpretation of state law, including one
announced on direct appeal of the challenged conviction, binds a federal court
sitting on habeas review"); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002).
Habeas relief does not lie for perceived errors of state law. *Estelle v. McGuire*, 502
U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to reexamine
state-court determinations on state-law questions").

Second, Petitioner fails to establish that the admission of the evidence violated
due process or rendered his trial fundamentally unfair. As to the admission of other
acts evidence, the Supreme Court has declined to hold that similar "other acts"
evidence is so extremely unfair that its admission violates fundamental conceptions
of justice. *Dowling v. United States*, 493 U.S. 342, 352–53 (1990). Thus, "[t]here
is no clearly established Supreme Court precedent which holds that a state violates

19

due process by permitting propensity evidence in the form of other bad acts evidence." *Bugh*, 329 F.3d at 512. Consequently, there is no Supreme Court precedent that the state court decision can be deemed "contrary to" under 28 U.S.C. § 2254(d)(1). *Id*. at 513; *Adams v. Smith*, 280 F. Supp. 2d 704, 716 (E.D. Mich. 2003). Petitioner fails to state a claim upon which habeas relief may be granted as to such an issue.

Additionally, Petitioner fails to show that the admission of the evidence rendered his trial fundamentally unfair because any error in admitting the evidence was harmless. For purposes of federal habeas review, a constitutional error that implicates trial procedures is considered harmless if it did not have a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see also Fry v. Pliler*, 551 U.S. 112, 117-18 (2007) (confirming that the *Brecht* standard applies in "virtually all" habeas cases); *Ruelas v. Wolfenbarger*, 580 F.3d 403, 411 (6th Cir. 2009) (ruling that *Brecht* is "always the test" in the Sixth Circuit). Confrontation errors, like other trial errors, are subject to harmless error analysis. *Delaware v. VanArsdall*, 475 U.S. 673, 684 (1986).

In this case, the other acts evidence actually presented at trial linked co-defendant West to the second shooting, but not Petitioner, and counsel had the opportunity to argue as much to the jury. In fact, counsel noted that Petitioner was

20

not charged in that shooting and argued that the prosecutor was trying to get the jury to make improper inferences during closing argument. *See* 7/14/15 Trial Tr., p. 165, ECF No. 9-22, PageID.1134. More importantly, as discussed *supra*, the prosecution presented significant evidence of Petitioner's guilt of the charged offenses, including eyewitness testimony from Officer Woods who observed Petitioner driving the stolen Jeep linked to the shooting during a pursuit shortly after the shooting. Given such evidence, Petitioner fails to show that the admission of the other acts evidence rendered his trial fundamentally unfair. Habeas relief is not warranted on this claim.

### C.   <u>Prosecutorial Misconduct Claim</u>

Lastly, Petitioner asserts that he is entitled to habeas relief because the prosecution engaged in misconduct by introducing the other acts evidence, by attempting to introduce inadmissible hearsay and commenting on it during closing arguments, and by admitting evidence about the theft of the car used in the shooting. He further asserts that the cumulative effect of such actions denied him due process. Respondent contends that this claim is barred by procedural default due to the failure to object at trial and that it lacks merit.

Federal habeas relief may be precluded on a claim that a petitioner has not presented to the state courts in accordance with the state's procedural rules. *Wainwright v. Sykes*, 433 U.S. 72, 85-87 (1977); *Couch v. Jabe*, 951 F.2d 94, 96

(6th Cir. 1991). The doctrine of procedural default applies when a petitioner fails to comply with a state procedural rule, the rule is actually relied upon by the state courts, and the procedural rule is "adequate and independent." *White v. Mitchell*, 431 F.3d 517, 524 (6th Cir. 2006); *Howard v. Bouchard*, 405 F.3d 459, 477 (6th Cir. 2005); *Coleman v. Mitchell*, 244 F.3d 533, 539 (6th Cir. 2001). "A procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." *Harris v. Reed*, 489 U.S. 255, 263-64 (1989). The last explained state court ruling is used to make this determination. *Ylst v. Nunnemaker*, 501 U.S. 797, 803-05 (1991).

The Michigan Court of Appeals rendered the last reasoned opinion on this claim. In denying relief, the court relied upon the failure to object at trial. *Green*, 2016 WL 6905927 at *4. The failure to make a contemporaneous objection is a recognized and firmly-established independent and adequate state law ground for refusing to review trial errors. *People v. Carines*, 460 Mich. 750, 763, 597 N.W.2d 130, 138 (1999); *People v. Stanaway*, 446 Mich. 643, 687, 521 N.W.2d 557, 579 (1994); *see also Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). Moreover, a state court does not waive a procedural default by looking beyond the default to determine if there are circumstances warranting review on the merits. *Paprocki v. Foltz*, 869 F.2d 281, 285 (6th Cir. 1989). Plain error review does not constitute a

waiver of state procedural default rules. *Girts v. Yanai*, 501 F.3d 743, 755 (6th Cir. 2007); *Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001); *Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000). Nor does a state court fail to sufficiently rely upon a procedural default by ruling on the merits in the alternative. *McBee v. Abramajtys*, 929 F.2d 264, 267 (6th Cir. 1991). The Michigan Court of Appeals denied relief on this claim based upon a procedural default – the failure to object at trial.

A state prisoner who fails to comply with a state's procedural rules waives the right to federal habeas review absent a showing of cause for noncompliance and actual prejudice resulting from the alleged constitutional violation, or a showing of a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 753; *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996). To establish cause, a petitioner must establish that some external impediment frustrated his ability to comply with the state's procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). A petitioner must present a substantial reason to excuse the default. *Amadeo v. Zant*, 486 U.S. 214, 223 (1988). Such reasons include interference by officials, attorney error rising to the level of ineffective assistance of counsel, or a showing that the factual or legal basis for a claim was not reasonably available. *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991).

In this case, Petitioner neither alleges nor establishes cause to excuse the failure to object at trial. While he might argue that trial counsel was ineffective as

cause, such an argument is unavailing.  In order to establish cause to excuse a procedural default, such a claim of ineffective assistance of counsel must itself must be exhausted in the state courts.  *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000).  Petitioner has not done so.  Moreover, even if Petitioner could establish cause, he cannot establish prejudice (or that he is otherwise entitled to habeas relief) because the underlying prosecutorial misconduct claim lacks merit for the reasons stated by the Michigan Court of Appeals on plain error review.  *See Green*, 2016 WL 6905927 at *4-5.  Simply put, Petitioner fails to show that the prosecutor's conduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process."  *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974); *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (citing *Donnelly*); *see also Parker v. Matthews*, 567 U.S. 37, 45 (2012) (confirming that *Donnelly/Darden* is the proper standard).

Lastly, Petitioner fails to demonstrate that a fundamental miscarriage of justice has occurred.  The miscarriage of justice exception requires a showing that a constitutional violation probably resulted in the conviction of someone who is actually innocent. *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986).  To be credible, such a claim of actual innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  Actual innocence means factual

innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). Petitioner makes no such showing. This claim is thus barred by procedural default, lacks merit, and does not warrant habeas relief.

## V. **Conclusion**

For the reasons stated, the Court concludes that Petitioner is not entitled to habeas relief on his claims. Accordingly, the Court **DENIES** and **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Id.* Having conducted such a review, the Court concludes that Petitioner fails to make a substantial showing of the denial of a constitutional right

as to his habeas claims and that jurists of reason could not debate the correctness of the Court's procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability.

Lastly, the Court concludes that an appeal from this decision cannot be taken in good faith. *See* FED. R. APP. P. 24(a). Accordingly, the Court **DENIES** Petitioner leave to proceed in forma pauperis on appeal. This case is **CLOSED**.

**IT IS SO ORDERED**.


s/Paul D. Borman_____
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: November 6, 2020

26